IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 2:12-cv-417 |
| BUTAMAX(TM) ADVANCED BIOFUELS | ) | |
| LLC, E.I. DUPONT DE NEMOURS AND | ) | JURY TRIAL DEMANDED |
| CO., BP p.l.c. d/b/a BP CORPORATION | ) | |
| NORTH AMERICA INC., and BP BIOFUELS | ) | |
| NORTH AMERICA LLC, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff Gevo, Inc. ("Gevo"), by its attorneys, for its Complaint against Defendants

Butamax (TM) Advanced Biofuels LLC's ("Butamax"), E.I. DuPont de Nemours and Co.

("DuPont"), BP p.l.c. ("BP"), BP Corporation North America Inc. ("BP Corp North America"),

and BP Biofuels North America LLC ("BP Biofuels North America"), alleges as follows:

## THE PARTIES

1.      Gevo is a corporation organized and existing under the laws of the state of

Delaware, with its principal place of business in Englewood, Colorado.

2.      Butamax is a limited liability corporation organized and existing under the laws of

the state of Delaware, with its principal place of business in Wilmington, Delaware.  Butamax is

jointly owned by DuPont and BP Biofuels North America, an indirect subsidiary of BP.

3.      DuPont is a corporation organized and existing under the laws of the state of

Delaware, with its principal place of business in Wilmington, Delaware.

4.      On information and belief, DuPont has multiple facilities located in this district

including facilities at 5470 North Twin City Highway, Nederland, TX 77627 and on Farm Road 1006, Orange, Texas 77630.

5.      BP is a public limited corporation incorporated under the laws of England and Wales, and is doing business in the United States through various subsidiaries including BP Corp North America, an Indiana corporation.

6.      On information and belief, BP maintains its North American headquarters at 501 Westlake Park Blvd., Houston, Texas 77079.

7.      On information and belief, BP Corp North America has a principal place of business at 501 Westlake Park Blvd., Houston, Texas 77079.

8.      On information and belief, BP or BP Corp North America, has a facility located at 2800 Stanolind St., Longview, Texas, 75604.

9.      BP Biofuels North America is a limited liability corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 501 Westlake Park Blvd., Houston, Texas 77079.

10.     On information and belief, BP Biofuels North America has a Biofuels facility in Jennings, Louisiana, which is in close proximity to this district.

11.     On information and belief, BP's agents, BP Corp North America and BP Biofuels North America do business in Texas.  On information and belief, BP Corp North America, and BP Biofuels North America are both wholly-owned subsidiaries of BP.  BP controls both BP Corp North America and BP Biofuels North America, among other subsidiaries.  On information and belief, BP's Commercial and Financial Analysts and the NAGP arm of Integrated Supply and Trading are concentrated in Texas.

12.     On information and belief, Butamax was formed in July 2009 for the purpose of

commercializing technology that BP Biofuels North America and DuPont have been jointly developing since 2004.

13.     On information and belief, individuals employed by DuPont engage in research and development activities related to the subject matter of this action.

14.     On information and belief, individuals employed by BP Biofuels North America engage in research and development activities related to the subject matter of this action.

15.     On information and belief, DuPont directs Butamax to engage in research and development activities related to the subject matter of this action, and controls the manner in which these activities are performed.

16.     On information and belief, BP, through its subsidiaries BP Corp North America and BP Biofuels North America, directs Butamax to engage in research and development activities related to the subject matter of this action and controls the manner in which these activities are performed.

17.     On information and belief, BP Corp North America, through its subsidiary BP Biofuels North America, directs Butamax to engage in research and development activities related to the subject matter of this action and controls the manner in which these activities are performed.

18.     On information and belief, BP Biofuels North America directs Butamax to engage in research and development activities related to the subject matter of this action, and controls the manner in which these activities are performed.

## JURISDICTION AND VENUE

19.     This action arises under the Declaratory Judgment Act and the patent laws of the United States, including Title 35, United States Code.   This court has jurisdiction over the

subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

20.      On information and belief, this court has personal jurisdiction over DuPont because DuPont has multiple facilities located in this district, and it has availed itself of the benefits and protections of this state.  DuPont maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over DuPont would not offend traditional notions of fair play and substantial justice.

21.      On information and belief, this Court also has personal jurisdiction over BP under agency and alter ego principles, and it has availed itself of the benefits and protections of this state.  Through its subsidiaries, BP maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over BP would not offend traditional notions of fair play and substantial justice.

22.      On information and belief, this court has personal jurisdiction over BP Corp North America because its headquarters are located in Houston, Texas, and it has availed itself of the benefits and protections of this state.  BP Corp North America maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over BP would not offend traditional notions of fair play and substantial justice.

23.      On information and belief, this court has personal jurisdiction over BP Biofuels North America because its principal place of business is located in Houston, Texas, and it has availed itself of the benefits and protections of this state.  BP Biofuels North America maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over BP Biofuels North America would not offend traditional notions of fair play and substantial justice.

24.      On information and belief, this court has personal jurisdiction over Butamax because Butamax is jointly owned by DuPont and BP Biofuels North America, a subsidiary of

BP and/or BP Corp North America.   Butamax, through its parent corporations, maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over DuPont would not offend traditional notions of fair play and substantial justice.

25.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENT-IN-SUIT

26.     On July 31, 2012, United States Patent No. 8,232,089 ("the '089 Patent") entitled "Cytosolic Isobutanol Pathway Localization for the Production of Isobutanol" issued to Jun Urano, Catherine Asleson Dundon, Peter Meinhold, Reid M. Renny Feldman, Aristos Aristidou, Andrew Hawkins, Thomas Buelter, Matthew Peters, Doug Lies, Stephanie Porter-Scheinman, Ruth Berry, and Ishmeet Kalra. [1]   The entire right, title, and interest to the '089 Patent has been assigned to Gevo.  Gevo is the owner and possessor of all rights pertaining to the '089 Patent.

27.     On March 31, 2011, United States Patent Publication No. US 2011/0076733 ("the '733 Publication") was published.   The application of the '733 Publication issued as the '089 Patent, and the '733 Publication includes claims that are identical or substantially identical to claims of the '089 Patent.

28.     On information and belief, Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America had knowledge of the '733 Publication prior to the issuance of the '089 Patent.

29.     The '089 Patent and the '733 Publication disclose and claim, among other things, recombinant yeast microorganisms comprising a metabolically engineered isobutanol pathway containing an exogenously encoded dihydroxy acid dehydratase ("DHAD") with at least 90% identity to the motif of disclosed SEQ ID NO: 27, and engineered to inactivate one or more

---

[1] The '089 Patent issued on July 31, 2012 at 12:00 a.m. EDT, as shown on the July 11, 2012 Issue Notification attached as Exhibit 1, however, a paper copy of the patent will not be available until August 2, 2012.  We will file a hard copy of the patent as soon as it becomes available.

endogenous pyruvate decarboxylase ("PDC") genes and a method for producing the microorganism.

30.     On information and belief, Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America disclose recombinant yeast strains expressing a metabolically engineered isobutanol pathway with DHAD with at least 90% identity to the motif of SEQ ID NO: 27, and engineered to inactivate one or more endogenous PDC genes.

## COUNT I

### Infringement of the '089 Patent Against Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America

31.     Gevo incorporates by reference the allegations set forth in paragraphs 1-30 of this Complaint.

32.     On information and belief, Butamax has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, one or more claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.  On information and belief, Butamax's infringement pursuant to 35 U.S.C. § 271 will continue unless Butamax's conduct is enjoined.

33.     On information and belief, DuPont has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, one or more claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.  On information and belief, DuPont's infringement pursuant to 35 U.S.C. § 271 will continue unless DuPont's conduct is

enjoined.

34.     On information and belief, BP has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.  On information and belief, BP's infringement pursuant to 35 U.S.C. § 271 will continue unless BP's conduct is enjoined.

35.     On information and belief, BP Corp North America has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.  On information and belief, BP's infringement pursuant to 35 U.S.C. § 271 will continue unless BP's conduct is enjoined.

36.     On information and belief, BP Biofuels North America has directly and/or infringed, either literally or under the doctrine of equivalents, one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.  On information and belief, BP's infringement pursuant to 35 U.S.C. § 271 will continue unless BP's conduct is enjoined.

37.     On information and belief, Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America's infringing activities have already occurred and will

continue unless enjoined by this Court.  Butamax, DuPont, BP, BP Corp North America, and/or

BP Biofuels North America's infringement of the '089 Patent causes harm to Gevo.  Thus, a real

and substantial controversy exists between Gevo, on one hand, and Butamax, DuPont, BP, BP

Corp North America, and BP Biofuels North America, on the other.

38.     As a result of Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels

North America's infringement of the '089 Patent, Gevo has suffered irreparable harm for which

Gevo has no adequate remedy at law.

## COUNT II

**Infringement of Gevo's Provisional Rights in the '089 Patent Against
Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America**

39.     Gevo incorporates by reference the allegations set forth in paragraphs 1-38 of this

Complaint.

40.     On information and belief, pursuant to 35 U.S.C. § 154(d), Butamax has directly

and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's

provisional patent rights in one or more of the claims of the '089 Patent by performing and/or

directing others to perform the methods described in paragraph 29 without Gevo's authorization.

Gevo believes it will develop further evidence for this allegation after a reasonable opportunity

for further investigation and discovery.

41.     On information and belief, pursuant to 35 U.S.C. § 154(d), DuPont has directly

and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's

provisional patent rights in one or more of the claims of the '089 Patent by performing and/or

directing others to perform the methods described in paragraph 29 without Gevo's authorization.

Gevo believes it will develop further evidence for this allegation after a reasonable opportunity

for further investigation and discovery.

42.     On information and belief, pursuant to 35 U.S.C. § 154(d), BP has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.

43.     On information and belief, pursuant to 35 U.S.C. § 154(d), BP Corp North America has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.

44.     On information and belief, pursuant to 35 U.S.C. § 154(d), BP Biofuels North America has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.

45.     Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America's infringement of Gevo's provisional rights in the claims of the '089 Patent harmed Gevo.  Thus, a real and substantial controversy exists between Gevo, on one hand, and Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America, on the other.

46.     As a result of Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels

North America's infringement of Gevo's provisional rights in the claims of the '089 Patent,

Gevo is entitled to recover a reasonable royalty pursuant to 35 U.S.C. § 154(d)(1).

## COUNT III

### Indirect Infringement of the '089 Patent Against Butamax, DuPont,
### BP, BP Corp North America, and BP Biofuels North America

47.     Gevo incorporates by reference the allegations set forth in paragraphs 1-46 of this

Complaint.

48.     On information and belief, Butamax, DuPont, BP, BP Corp North America,

and/or BP Biofuels North America have actively and knowingly assisted with, participated in,

contributed to, and/or directed others to perform the method described in paragraph 29 without

Gevo's authorization.  On information and belief, DuPont, BP, BP Corp North America, and/or

BP Biofuels North America were aware of the '089 Patent and/or the '733 Publication when they

engaged in these knowing and purposeful activities referred to above.

49.     Under 35 U.S.C. § 271(b), Butamax, DuPont, BP, BP Corp North America,

and/or BP Biofuels North America induced the infringement of the '089 Patent by actively and

knowingly aiding and abetting others to perform the method described in paragraph 29 without

Gevo's authorization.

50.     Under 35 U.S.C. §§ 154(d) and 271(b), Butamax, DuPont, BP, BP Corp North

America, and/or BP Biofuels North America have induced others to infringe Gevo's provisional

rights in the claims of the '089 Patent by actively and knowingly aiding and abetting others to

perform the method described in paragraph 29 without Gevo's authorization.

51.     On information and belief, Butamax, DuPont, BP, BP Corp North America,

and/or BP Biofuels North America have acted with knowledge of the '089 Patent and/or the '733

Publication and without a reasonable basis for a good faith belief that it would not be liable for

infringement of the '089 Patent.  Thus, Butamax's, DuPont's, BP's, BP Corp North America's, and/or BP Biofuels North America's ongoing infringement is willful and deliberate, making this an exceptional case.

## PRAYER FOR RELIEF

WHEREFORE, Gevo respectfully requests the following relief:

a)      That judgment be entered declaring that Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America has/have infringed one or more claims of the '089 Patent, and Gevo's provisional rights in those claims, by manufacturing isobutanol through fermentation and extracting that isobutanol using methods described and claimed in the '089 Patent and/or by importing isobutanol that has been manufactured in that manner.

b)      That judgment be entered declaring that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America have induced others to infringe one or more of the claims of the '089 Patent, and Gevo's provisional rights in those claims by, without Gevo's authorization, assisting, abetting, and encouraging others to engineer recombinant yeast described and claimed in the '089 Patent and/or to import isobutanol that has been manufactured in that manner, and that Butamax, DuPont, BP, BP Corp North America and/or BP Biofuels North America's inducement of others to infringe are acts of infringement of one or more claims of the '089 Patent.

c)      That this Court adjudge and decree that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America have been and are currently infringing the '089 Patent.

d)      That this Court adjudge and decree that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America infringed Gevo's provisional rights in the claims of the '089 Patent.

e)      That this Court adjudge and decree that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America have been and are currently inducing others to infringe the '089 Patent.

f)      That this Court adjudge and decree that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America have induced others to infringe Gevo's provisional rights in the claims of the '089 Patent.

g)      That this Court enter an order that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from infringing the '089 Patent.

h)      That this Court enter an order that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from inducing others to infringe the '089 Patent.

i)      That this Court award damages to Gevo to compensate it for each of the unlawful actions set forth in the Complaint.

j)      That this Court award interest on such damages to Gevo.

k)      That this Court determine that Butamax, DuPont, BP, BP Corp North America, and BP Biofuels North America willfully infringed one or more claims of the '089 Patent.

l)      That this Court determine that this patent infringement case is exceptional and award Gevo its expenses including its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

m)      That interests, costs, and expenses be awarded in favor of Gevo.

n)      That this Court order such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Gevo respectfully requests a trial by jury on all issues triable thereby.

Respectfully submitted,


/s/ T. John Ward, Jr.
T. John Ward, Jr.
State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email:  claire@wsfirm.com
Ward & Smith Law Firm
1127 Judson Road, Suite 220
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff Gevo, Inc.*

*Of Counsel*:

Gerald J. Flattmann
Preston K. Ratliff II
Joseph M. O'Malley, Jr.
Anthony Michael
PAUL HASTINGS LLP
Park Avenue Tower
75 E. 55th Street
New York, NY 10022
(212) 318-6000

Jason T. Christiansen
PAUL HASTINGS LLP
1000 Louisiana Street
54th Floor
Houston, TX 77002
(713) 860-7300

July 30, 2012