IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEVO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. 2:12-cv-417 |
| v. | § | |
| | § | Jury Trial Demanded |
| BUTAMAX™ ADVANCED BIOFUELS | § | |
| LLC; E.I. DUPONT DE NEMOURS AND | § | |
| CO.; BP p.l.c.; BP CORPORATION | § | |
| NORTH AMERICA, INC.; and BP BIOFUELS | § | |
| NORTH AMERICA, LLC, | § | |
| | § | |
| Defendants. | § | |

**BP CORPORATION NORTH AMERICA, INC. AND BP BIOFUELS NORTH AMERICA, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants BP Corporation North America, Inc. ("BP Corp.") and BP Biofuels North America, LLC ("BP Biofuels") (collectively, "Defendants"), for their answer to the Original Complaint filed by Gevo, Inc. ("Gevo"), aver as follows:

**THE PARTIES**

1. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, deny these allegations.

2. Defendants admit that Butamax is a limited liability corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Wilmington, Delaware. Defendants further admit that Butamax is a joint venture of DuPont and BP Biofuels, which is an indirect subsidiary of BP p.l.c. Defendants deny all other allegations contained in paragraph 2 that are not expressly admitted.

3. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations

contained in paragraph 3 and, therefore, deny these allegations.

4. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, deny these allegations.

5. Defendants admit that BP p.l.c. is a public limited corporation incorporated under the laws of England and Wales. Defendants deny all other allegations contained in paragraph 5 that are not expressly admitted.

6. Denied.

7. Defendants admit that BP Corp. has an office at 501 Westlake Boulevard, Houston, Texas 77079. Defendants deny all other allegations contained in paragraph 7 that are not expressly admitted.

8. Denied

9. Defendants admit that BP Biofuels is a Delaware corporation and has an office at 501 Westlake Boulevard, Houston, Texas 77079. Defendants deny all other allegations contained in paragraph 9 that are not expressly admitted.

10. Defendants admit that BP Biofuels acquired a biofuels facility in Jennings, Louisiana. Defendants deny all other allegations contained in paragraph 10 that are not expressly admitted.

11. Defendants admit that BP Corp. and BP Biofuels are indirect subsidiaries of BP p.l.c. and that BP Corp. and BP Biofuels do business in Texas. Defendants admit that the North American Gas & Power unit within BP's Integrated Supply and Trading division has an office in Texas. Defendants deny all other allegations contained in paragraph 11 that are not expressly admitted.

12. Defendants admit that Butamax was formed in July 2009. Defendants deny all other allegations contained in paragraph 12 that are not expressly admitted.

13. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations

contained in paragraph 13 and, therefore, deny these allegations.

14. Defendants admit that individuals employed by BP Biofuels engage in research and development relating to the production of isobutanol. Defendants deny all other allegations contained in paragraph 14 that are not expressly admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## JURISDICTION AND VENUE

19. The allegations in paragraph 19 contain legal conclusions and do not require a response. To the degree a response is required, Defendants deny the allegations set forth in paragraph 19.

20. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, deny these allegations.

21. The allegations in paragraph 21 contain legal conclusions and do not require a response. To the degree a response is required, Defendants deny the allegations set forth in paragraph 21.

22. The allegations in paragraph 22 contain legal conclusions and do not require a response. To the degree a response is required, Defendants deny the allegations set forth in paragraph 22.

23. The allegations in paragraph 23 contain legal conclusions and do not require a response. To the degree a response is required, Defendants deny the allegations set forth in paragraph 23.

24. The allegations in paragraph 24 contain legal conclusions and do not require a response. To the degree a response is required, Defendants deny the allegations set forth in paragraph 24.

25. The allegations in paragraph 25 contain legal conclusions and do not require a response. To the degree a response is required, Defendants deny the allegations set forth in paragraph 25.

## **THE PATENT-IN-SUIT**

26. Defendants admit that the face of the '089 patent recites the bibliographic information contained in paragraph 26. Defendants admit that Exhibit 1 is a copy of the Issue Notification for the '089 Patent. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 26 and, therefore, deny these allegations.

27. Defendants admit that the '733 Publication on its face purports to be a publication of U.S. Patent Application No. 12/855,276, and that the '089 Patent on its face purports to have been granted from U.S. Patent Application No. 12/855,276. Defendants admit that the '733 Publication lists a publication date of March 31, 2011 on its face. Defendants deny all other allegations contained in paragraph 27 that are not expressly admitted.

28. Defendants admit that they had knowledge of the '733 Publication prior to the issuance of the '089 patent, but deny that they had actual notice of potential infringement of potentially patentable subject matter contained therein. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 28 and, therefore, deny these allegations.

29. The allegations in paragraph 29 contain legal conclusions and do not require a response. To the degree a response is required, Defendants deny the allegations set forth in paragraph 29.

30. Defendants do not understand the allegations set forth in paragraph 30 and therefore are unable to respond to same at this time. To the degree a response is required, Defendants deny the allegations set forth in paragraph 30 as they pertain to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 30 and, therefore, deny these allegations.

## COUNT I
## ALLEGED INFRINGEMENT OF THE '089 PATENT

31. Defendants incorporate by reference the answers set forth in paragraphs 1-30, above. Defendants deny all allegations of infringement as they pertain to Defendants.

32. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, deny these allegations.

33. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, deny these allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 37 and, therefore, deny these allegations.

38. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 38 and, therefore, deny these allegations.

## COUNT II
## ALLEGED INFRINGEMENT OF GEVO'S
## ALLEGED PROVISIONAL RIGHTS IN THE '089 PATENT

39. Defendants incorporate by reference the answers set forth in paragraphs 1-38, above. Defendants deny all allegations of infringement as they pertain to Defendants.

40. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 40 and, therefore, deny these allegations.

41. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 41 and, therefore, deny these allegations.

42. Denied.

43. Denied.

44. Denied.

45. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 45 and, therefore, deny these allegations.

46. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 46 and, therefore, deny these allegations.

## COUNT III
## ALLEGED INDIRECT INFRINGEMENT OF THE '089 PATENT

47. Defendants incorporate by reference the answers set forth in paragraphs 1-46, above. Defendants deny all allegations of infringement as they pertain to Defendants.

48. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 48 and, therefore, deny these allegations.

49. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 49 and, therefore, deny these allegations.

50. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 50 and, therefore, deny

these allegations.

51. Denied with respect to Defendants. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 51 and, therefore, deny these allegations.

## PRAYER FOR RELIEF

This section constitutes a request for relief to which no response is required. To the extent that this section may be deemed to allege any facts or factual or legal entitlements to the relief requested, Defendants deny all such allegations. Defendants deny that Gevo is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

Defendants join Gevo's request for a jury trial on all issues triable by jury.

## GENERAL DENIAL

Defendants deny all allegations in Gevo's Complaint not expressly admitted.

## DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to their responses above, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

### 1. Failure to State a Claim

Gevo's complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### 2. Defendants Do Not Infringe the '089 Patent

Defendants do not directly infringe (literally or under the doctrine of equivalents), contributorily infringe, or induce infringement of, and at all relevant times to this action, have not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '089 patent.

### 3. Defendants Have Not Infringed Gevo's Alleged Provisional Rights in the '089 Patent

Defendants have not directly infringed (literally or under the doctrine of equivalents), contributorily infringed, or induced infringement of Gevo's alleged provisional rights in any valid and enforceable claim of the '089 patent.

### 4. The '089 Patent Is Invalid

The '089 patent is invalid for failure to satisfy one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### 5. Limitation on Damages

Gevo's claims for monetary relief are limited by 35 U.S.C. 287.  Gevo is not entitled to damages under 35 U.S.C. § 154(d).

### 6. Injunctive Relief

Gevo is not entitled to injunctive relief because any injury to Gevo is not immediate or irreparable, Gevo has an adequate remedy at law, and the balance of equities does not favor Gevo.

Dated: September 21, 2012 Respectfully submitted,

By: */s/ William C. Slusser*
William C. Slusser
FULBRIGHT & JAWORSKI LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Tel: 713-651-5500
Fax: 713-651-5246
Email: slusser@fulbright.com

Gilbert A Greene
FULBRIGHT & JAWORSKI LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX 78701-4255
Tel: 512-536-3097
Fax: 512-536-4598
Email: ggreene@fulbright.com

Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: 903-934-8450
Fax: 903-934-9257
Email: melissa@gillamsmithlaw.com

COUNSEL FOR DEFENDANTS BP
CORPORATION NORTH AMERICA, INC.
AND BP BIOFUELS NORTH AMERICA,
LLC

## **CERTIFICATE OF SERVICE**

I certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 21, 2012                                         */s/ Gilbert A. Greene*
                                                                          Gilbert A. Greene