IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1724-SLR |
| | ) |
| BUTAMAX(TM) ADVANCED | ) |
| BIOFUELS LLC; E.I. DU PONT | ) |
| DE NEMOURS & COMPANY; | ) |
| BP P.L.C. d/b/a BP CORPORATION | ) |
| NORTH AMERICA INC.; and BP | ) |
| BIOFUELS NORTH AMERICA LLC, | ) |
| | ) |
| Defendants. | ) |

## BP P.L.C.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**I.    INTRODUCTION**

Plaintiff Gevo, Inc. filed this action alleging infringement of U.S. Patent No. 8,232,089 (the "'089 Patent"). The named Defendants are Butamax Advanced Biofuels LLC ("Butamax"), E.I. DuPont de Nemours ("DuPont"), and three BP entities: BP p.l.c.; BP Corporation North America, Inc. ("BP Corp."); and BP Biofuels North America, LLC ("BP Biofuels"). By the agreement of the parties, the time for BP p.l.c. to answer or otherwise plead was ultimately extended to February 19, 2013. (D.I. 65.)

Butamax is a joint venture of DuPont and BP Biofuels. (D.I. 20 at ¶ 2.) BP Corp. and BP Biofuels are wholly-owned indirect subsidiaries of BP p.l.c. (D.I. 21), which is a public limited corporation incorporated under the laws of England and Wales. Inclusion of BP p.l.c. in the Complaint apparently is only because it is the ultimate corporate parent of BP Corp. and BP Biofuels. Prior discussions to resolve this issue have not yet succeeded. BP p.l.c. therefore moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

## II. STATEMENT OF FACTS

The following paragraphs of the Complaint concern BP p.l.c.'s alleged infringement of the '089 Patent (with "BP" being used to refer to BP p.l.c.):

34. On information and belief, BP has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization. Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery. On information and belief, BP's infringement pursuant to 35 U.S.C. § 271 will continue unless BP's conduct is enjoined.

42. On information and belief, pursuant to 35 U.S.C. § 154(d), BP has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '089 Patent by performing and/or directing others to perform the methods described in paragraph 29 without Gevo's authorization. Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.

48. On information and belief, Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America have actively and knowingly assisted with, participated in, contributed to, and/or directed others to perform the method described in paragraph 29 without Gevo's authorization. On information and belief, DuPont, BP, BP Corp North America, and/or BP Biofuels North America were aware of the '089 Patent and/or the '733 Publication when they engaged in these knowing and purposeful activities referred to above.

49. Under 35 U.S.C. § 271(b), Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America induced the infringement of the '089 Patent by actively and knowingly aiding and abetting others to perform the method described in paragraph 29 without Gevo's authorization.

50. Under 35 U.S.C. §§ 154(d) and 271(b), Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America have induced others to infringe Gevo's provisional rights in the claims of the '089 Patent by actively and knowingly aiding and abetting others to perform the method described in paragraph 29 without Gevo's authorization.

51. On information and belief, Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America have acted with knowledge of the '089 Patent and/or the '733 Publication and without a reasonable

      basis for a good faith belief that it would not be liable for infringement of the '089 Patent. Thus, Butamax's, DuPont's, BP's, BP Corp North America's, and/or BP Biofuels North America's ongoing infringement is willful and deliberate, making this an exceptional case.

(D.I. 1.)

      Plaintiff pleads no facts that specifically relate to actions allegedly taken by BP p.l.c. in the United States (or anywhere else). Indeed, the conclusory infringement allegations against BP p.l.c. in Paragraph 34 are **identical** to the conclusory allegations against Butamax, DuPont, BP Corp., and BP Biofuels in Paragraphs 32-33 and 35-36. (*Id*.) Similarly, the conclusory infringement allegations against BP p.l.c. in Paragraph 42 are **identical** to the conclusory allegations against Butamax, DuPont, BP Corp., and BP Biofuels in Paragraphs 40-41 and 43-44. (*Id*.) Even worse are the allegations in Paragraphs 48-51, which merely refer to alleged infringement by "Butamax, DuPont, BP, BP Corp North America, **and/or** BP Biofuels North America" and thus make no attempt whatsoever to plead any facts specific to BP p.l.c. (*Id*., emphasis added.)

### III.    ARGUMENT

#### A.    Legal Standard

      Under Rule 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See, e.g. , Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, a court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.,* 113 F.3d 405, 417 (3d Cir. 1997). A court is "not, however, required to accept as true unsupported conclusions and unwarranted inferences." *Id.; see also Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.,* 450 F.3d 130, 133 (3d Cir. 2006). Nor is a court "compelled to accept . . . 'a legal conclusion

couched as a factual allegation.'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not state a claim, and "mere labels and conclusions" or "naked assertions devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations must be sufficient to raise a claim above the speculative level, making it "plausible on its face." *Twombly*, 550 U.S. at 555, 570.

      **B.    Plaintiff's Direct Infringement Claims Are Deficient Because They Fail to Meaningfully Identify BP p.l.c.'s Allegedly Infringing Acts**

In determining whether a complaint alleging direct patent infringement is sufficiently pled, courts in this District have applied the standard the Federal Circuit set forth in *McZeal*, which, consistent with Form 18 of the Federal Rules of Civil Procedure, requires a plaintiff alleging direct infringement to provide:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Eidos Commc'ns., LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007)); *see also Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-92-RGA, 2012 WL 2700495, at *1-2 (D. Del. July 5, 2012) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012)). Under *McZeal*, a complaint alleging direct infringement must specify at a minimum "a general class of products or [provide] a general identification of the alleged infringing methods." *Eidos*, 686 F. Supp. 2d at 467.

Plaintiff alleges that "[o]n information and belief, BP [p.l.c.] has directly . . . infringed . . . one or more of the claims of the '089 Patent by performing and/or directing others to

perform the methods described in paragraph 29 without Gevo's authorization."[1] (D.I. 1 at ¶ 34.) Paragraph 29 purports to describe merely what "[t]he '089 Patent and the '733 Publication disclose and claim." (*Id.* at ¶ 29.) Combining these two paragraphs reveals that BP p.l.c. is accused of directly infringing by performing methods that are "disclosed and claimed" in the '089 Patent and the '733 Publication. This is the very definition of a "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Completely absent from Plaintiff's conclusory allegations are any meaningful identification of specific acts committed by BP p.l.c. (a foreign corporation) in the U.S. that are alleged to constitute direct infringement. While the pleading bar established by *McZeal* and Form 18 for direct infringement may be a low bar, it is not so low as to allow a plaintiff to satisfy Rule 12(b)(6) simply by alleging that a defendant directly infringes by performing methods that are disclosed and claimed in the asserted patent. The direct infringement claims should be dismissed.

    **C.    Plaintiff's Provisional Rights Claim Is Also Deficient Because It Fails to Allege Actual Notice of the Published Patent Application**

To properly allege infringement of provisional rights under 35 U.S.C. § 154(d), Plaintiff must plead facts sufficient to show that BP p.l.c. had actual notice of the published patent application that led to the '089 Patent. *See Tetsuya v. Amazon.com, Inc.*, No. C11–01210 HRL, 2011 WL 2472557, at *1 (N.D.Cal. June 22, 2011) (holding that plaintiff failed to state a claim for provisional rights because complaint did not allege actual notice); *see also* 35 U.S.C. § 154(d)(1). In addition to the direct infringement deficiencies described above, also absent from Plaintiff's provisional rights claim is even a conclusory allegation of actual notice to BP p.l.c.,

---

[1] The entirety of Plaintiff's direct infringement claims are based on "information and belief" allegations. This is improper. *See, e.g.*, Fed. R. Civ. P. 11 Adv. Comm. Notes (1993) (explaining that pleading allegations solely "on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties, make claims, or present defenses without any factual basis or justification").

much less any facts that would support such an allegation. (*See* D.I. 1 at ¶ 42.) For this additional reason, the Complaint fails to state a claim against BP p.l.c. for provisional rights.

### D. Plaintiff's Indirect Infringement Claims Are Deficient Because They Fail to Allege a Sufficient Factual Basis

#### 1. The Requisite Facts for Inducement Are Not Plead

To properly allege induced infringement under 35 U.S.C. § 271(b), Plaintiff must plead facts sufficient to show that there has been direct infringement by a third-party, *DSU Med. Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1303 (Fed. Dir. 2006), and that BP p.l.c. knowingly and with specific intent induced acts which it knew constituted patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("Accordingly, we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, No. 10-812-SLR, 2001 WL 2708945, at *3 (D. Del. July 12, 2011) (stating that "a complaint stating a claim for inducement must allege the requisite knowledge and intent").

The Complaint fails to plead any facts to support its inducement allegations. At best, it contains "a formulaic recitation of the elements of [this] cause of action," which is insufficient under *Twombly*:

> 48. On information and belief, Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America have actively and knowingly assisted with, participated in, contributed to, and/or directed others to perform the method described in paragraph 29 without Gevo's authorization. On information and belief, DuPont, BP, BP Corp North America, and/or BP Biofuels North America were aware of the '089 Patent and/or the '733 Publication when they engaged in these knowing and purposeful activities referred to above.

> 49. Under 35 U.S.C. § 271(b), Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America induced the infringement of the '089 Patent by actively and knowingly aiding and abetting others to

perform the method described in paragraph 29 without Gevo's authorization.

(D.I. 1.)

The Complaint fails to identify a direct infringer whom BP p.l.c. allegedly induced to infringe, nor does it plead any facts indicating what BP p.l.c. has done to induce a direct infringer to infringe. Plaintiff also fails to plead any facts demonstrating that BP p.l.c. induced infringement with knowledge of the '089 Patent, much less any facts that would support an inference that BP p.l.c. specifically intended to encourage that infringement. Failure to plead such facts warrants dismissal. *See*, *e.g.*, *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent.").

### 2. The Requisite Facts for Contributory Infringement Are Not Plead

To properly allege contributory infringement under 35 U.S.C. § 271(c), Plaintiff must plead that BP p.l.c. offered to sell, sold, or imported a "component of an infringing product 'knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use'" and that a third party actually used the component to directly infringe. *Xpoint Techs.*, 730 F. Supp. 2d at 356 (citations omitted); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). Further, Plaintiff must plead that BP p.l.c. knew "that the combination for which [its] component was especially designed was both patented and infringing" and knew that the component has "no substantial non-infringing uses." *Global-Tech*, 131 S. Ct. at 2067. "[A]n allegation of contributory infringement must also plead requisite knowledge of the patent-in-suit

at the time of infringement." *Eon*, 2011 WL 2708945, at *3; *Xpoint*, 730 F. Supp. 2d at 356 (same).

As with its induced infringement allegations, Plaintiff does not plead facts to establish the requisite knowledge of the patent by BP p.l.c. at the time of alleged infringement, nor does it plead any facts to show that BP p.l.c. knew that the accused components—whatever components those may be—were "especially made or especially adapted" for use in an infringement of the '089 Patent. Plaintiff also fails to plead resulting direct infringement and the identity of a third-party direct infringer. Failure to plead such facts warrants dismissal. *See Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009).

### E. Plaintiff's Willfulness Claim Is Deficient Because It Fails to Allege a Sufficient Factual Basis

To demonstrate willful infringement, a patentee must show that the alleged "infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*. At a minimum, this requires knowledge of the patent. *Id*. A willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. *See Seagate*, 497 F.3d at 1374.

Accordingly, to prove willful patent infringement, Plaintiff would have to show that BP p.l.c. either knew or should have known, prior to the filing of the Complaint, that there was an objectively high likelihood that BP p.l.c. was infringing the '089 Patent. *Seagate*, 497 F.3d at 1371. Plaintiff does not allege that an objectively high risk of patent infringement existed, much less state any facts in support of support of that conclusion:

> 51. On information and belief, Butamax, DuPont, BP, BP Corp North America, and/or BP Biofuels North America have acted with knowledge of the '089 Patent and/or the '733 Publication and without a reasonable basis for a good faith belief that it would not be liable for infringement of the '089 Patent. Thus, Butamax's, DuPont's, BP's, BP Corp North America's, and/or BP Biofuels North America's ongoing infringement is willful and deliberate, making this an exceptional case.

(D.I. 1.)

This deficiency alone is fatal to Plaintiff's willfulness claim. Moreover, even if there was an "objectively high likelihood," Plaintiff does not allege that BP p.l.c. knew of it or that the risk was "so obvious that [BP p.l.c.] should have known." *Id*. Conclusory allegations that a defendant had knowledge of the patent, like the ones in the Complaint, without any facts to support those allegations, are insufficient to state a claim for willful infringement. "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Id*. at 1374 (citing Fed. R. Civ. P. 8, 11(b)). Such a good-faith basis is missing here, where Plaintiff does not allege any facts to show that BP p.l.c. knew of the patent before the filing and service of the Complaint. Therefore, Plaintiff's willfulness allegation should be dismissed.

## IV. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff's complaint against BP p.l.c. should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.

                                        ASHBY & GEDDES

                                        */s/ John G. Day*

                                        _____
                                        John G. Day (#2403)
                                        Lauren E. Maguire (#4261)
                                        Andrew C. Mayo (#5207)
                                        500 Delaware Avenue, 8th Floor
                                        P.O. Box 1150
                                        Wilmington, DE 19899
                                        (302) 654-1888
                                        jday@ashby-geddes.com
                                        lmaguire@ashby-geddes.com
                                        amayo@ashby-geddes.com

                                        *Attorneys for Defendants BP p.l.c., BP*
                                        *Corporation North America Inc., and BP*
                                        *Biofuels North America LLC*

*Of Counsel:*

William C. Slusser
FULBRIGHT & JAWORSKI LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
713-651-5500

Gilbert A Greene
FULBRIGHT & JAWORSKI LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX 78701-4255
512-536-3097

Dated: February 19, 2013